IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

CARMEN L. S.C.,

        Plaintiff,

  v.                          Civil Action No.
                                    5:18-CV-0067 (DEP)

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

        Defendant.

---

APPEARANCES:                   OF COUNSEL:

FOR PLAINTIFF:

OLINSKY LAW GROUP           HOWARD D. OLINSKY, ESQ.
300 S. State Street               MELISSA A. PALMER, ESQ.
Suite 420
Syracuse, NY 13202

FOR DEFENDANT:

HON. GRANT C. JAQUITH         BENIL ABRAHAM, ESQ.
U.S. Attorney for the            Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on October 9, 2018, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

(1)  Plaintiff's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

(2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

(3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

(4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: October 10, 2018
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARMEN S.C.,

                                        Plaintiff,

-v-                                     5:18-CV-67

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                        Defendant.
------------------------------------------------------------x
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
October 9, 2018
100 South Clinton Street, Syracuse, New York


For the Plaintiff:

    OLINSKY LAW GROUP
    300 South State Street
    Suite 420
    Syracuse, New York 13202
    BY:  **MELISSA A. PALMER, ESQ.**

For the Defendant:

    SOCIAL SECURITY ADMINISTRATION
    26 Federal Plaza
    Room 3904
    New York, New York 10278
    BY:  **FERGUS J. KAISER, ESQ.**

*Hannah F. Cavanaugh*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

1                (In chambers, counsel present by telephone.  Time
2   noted:  2:23 p.m.)
3                THE COURT:  I have before me a request for judicial
4   review of an adverse determination by the Acting Commissioner
5   pursuant to 42, United States Code, Sections 405(g) and
6   1383(c)(3).
7                The background is as follows:  The plaintiff was born
8   in June of 1972 and is currently 46 years old.  She is 5'2" in
9   height, weighs somewhere between 219 pounds, that's at page 155,
10  and 220 pounds, that's at 318 of the Administrative Transcript.
11               Plaintiff finished 9th grade in Puerto Rico.  The
12  record is unclear whether she was in Special Education courses.
13  At page 153, it indicates she was.  At page 319, it indicates
14  she was not.  Plaintiff does not speak fluent English.  That's
15  at page 317.  Plaintiff is separated.  She does not drive.  She
16  lives in Syracuse with two children.  At the time of the
17  hearing, they were ages 21 and 17.  Apparently, the plaintiff
18  came to the United States from Puerto Rico in or about 2007.  It
19  was also noted that, perhaps, a source of some of her emotional
20  and mental problems is that she was sexually abused two times at
21  age nine by a cousin.  That's at 634.
22               Plaintiff has never worked at anything that would be
23  considered substantial gainful activity.  She did clean houses
24  in 1990.  That's at page 147.  She also cleaned for a few months
25  in 2008.  That's at 633.  In 2009, she was taking an English as

1  a second language course and in the process volunteered to clean
2  some bathrooms, the cafeteria, and some classrooms at the
3  facility where she took those courses.  That's at page 154.
4          Physically, plaintiff suffers from high blood
5  pressure, asthma, back pain, a left knee condition, and left
6  ankle condition.  She has been diagnosed by Dr. Ian Madom with
7  cervical spine issues with radiculopathy in the left arm.  She
8  also was diagnosed as having cervical foraminal stenosis at
9  C5-C6 with radiculopathy.  She has treated with physical
10 therapists, including Kaitlin Kelly and Adam Strizak.  She's
11 also treated with Physician Assistant Matthew Burnett for her
12 knee and ankle conditions.  She was diagnosed as suffering from
13 a knee sprain and an ankle sprain.
14         She has undergone X-rays on April 8, 2014, at page
15 604, X-rays at 3/12/14, that's at page 555 and 557, of both her
16 knee and ankle, and she had a magnetic resonance imaging, or
17 MRI, testing on May 6, 2014.  That's at page 595.  She has
18 undergone injections to assist her in dealing with her knee
19 condition.
20         Mentally, the plaintiff suffers from conditions that
21 have been diagnosed variously as depressive disorder, PTSD,
22 schizoaffective disorder, psychotic disorder, and anxiety
23 disorder.  Among the symptoms she reports experiencing are
24 hallucinations, she hears voices, and irrational thoughts.  She
25 originally, for two years from 2012 to 2014, received services

at Bienestar with Licensed Clinical Social Worker Randy Stetson who she saw every one to two weeks, according to one report, and monthly, according another. Now, she receives services from the Brownell Behavioral Center where she sees therapist Efrain Agama and Dr. David Kang.

She has been assigned various GAF scores, 55 at page 785. Dr. Fisher assigned a GAF score, as we discussed, of 65. That's at page 574. A GAF score of 45 was noted at both pages 43 and 60. A GAF of 39 to 40 was indicated at pages 50 and 69. And a GAF of 40 at pages 60, 78, and 88.

Medically, plaintiff takes Advair for asthma, Amlodipine for depression, Celexa for depression, Gabapentin for pain, Naproxen for pain. She also has taken in the past Norvasc, Neurontin, Hydrocodone, Lozol, Loratadine, Naprosyn, Nitrostat, Omeprazole, Paroxetine, Ramipril, and Simvastatin.

In terms of activities, she enjoys listening to music. She can dress and bathe herself and groom. On cooking, the record is equivocal. At page 151, she said no. At pages 636 and 333, it was indicated she is able to cook. With the regard to cleaning, similarly she indicates no at page 151, but does some cleaning according to page 636 and 333. She does not do laundry or shop, although, again, at 333, it indicated that she was able to shop. She talks to friends and talks to neighbors.

In terms of background, plaintiff applied for

1  Supplemental Security Income, or SSI, payments under Title XVI
2  of the Social Security Act on March 7, 2014, alleging an onset
3  date of March 1, 2012.  In support of her application, she
4  claims disability based on major depression, anxiety, back pain,
5  asthma, left knee issues, cervical issues, arthritis in her
6  spinal cord, splint on her left arm, headaches, high blood
7  pressure, sleep disorder, ankle pain, and hearing problems.
8  That's at page 165 and 318.
9         Administrative Law Judge John Ramos conducted a
10 hearing on June 2, 2016, to address plaintiff's claim after an
11 initial denial of that application.  ALJ Ramos issued a decision
12 on August 22, 2016, unfavorable to the plaintiff.  That became a
13 final determination of the agency on November 20, 2017, when the
14 Social Security Administration Appeals Council denied
15 plaintiff's request for a review of that determination.
16         In his decision, ALJ Ramos applied the familiar
17 five-step sequential test for determining disability.  At step
18 one, he concluded plaintiff had not engaged in substantial
19 gainful activity since March 7, 2014, the date of her
20 application.
21         At step two, he concluded that she suffers from
22 severe impairments that impose more than minimal limitations on
23 her ability to perform work-related functions, including
24 degenerative disc disease of the cervical spine, arthritis of
25 the left knee, a depressive disorder, and an anxiety disorder.

1          At step three, ALJ Ramos concluded that plaintiff's
2   conditions did not meet or medically equal any of the listed
3   presumptively disabling conditions.  He specifically considered
4   1.02 and 1.04 related to plaintiff's physical conditions, as
5   well as 12.04 and 12.06 in connection with her mental
6   conditions.  ALJ Ramos then concluded, based on the evidence in
7   the record, that plaintiff retains the residual functional
8   capacity to perform sedentary work and retains the ability to
9   understand and follow simple instructions and directions; to
10  perform simple tasks with supervision and independently; to
11  maintain attention and concentration for simple tasks; regularly
12  attend to a routine and maintain a schedule; relate to and
13  interact with others to the extent necessary to carry out simple
14  tasks; and handle reasonable levels of simple, work-related
15  stress, in that she can make decisions directly related to the
16  performance of simple work and handle usual workplace changes
17  and interactions associated with simple work.
18          Applying that residual functional capacity, ALJ Ramos
19  concluded first at step four that plaintiff did not have any
20  significant past relevant work to compare and went on to step
21  five where he concluded that the medical vocational guidelines,
22  or the grids, could be employed and that any additional
23  limitations beyond a full range of sedentary work would have
24  little or no effect on the occupational base of unskilled work
25  upon which the grids are predicated.  He, therefore, concluded

1  under SSR 85-15 that Rule 201.23 would direct a finding of no
2  disability.
3       As you know, my task is limited. The standard of
4  review is extremely relaxed. I must determine whether proper
5  legal principles were applied and substantial evidence supports
6  the determination.
7       The first issue raised by the claimant concerns
8  treatment of Dr. Fisher's opinions. At page 33, the
9  Administrative Law Judge did conclude in a short paragraph that
10 the opinions were entitled to some weight. Based on the
11 consistency with the GAF and the opinions of Dr. Shapiro and Dr.
12 Kamin, that those opinions -- Dr. Fisher's opinions, however,
13 are not consistent with the RFC or the ability to perform
14 work-related functions in two respects, first, the limitation to
15 20 hours per week and, secondly and significantly, the finding
16 that she would be moderately limited, defined as unable to
17 function 50 percent of the time in the area of maintaining
18 attention and concentration to tasks, clearly inconsistent with
19 the RFC finding on which the no disability determination was
20 based.
21      The regulations and the Social Security rulings that
22 address the issue are extremely clear. SSR 96-8P specifically
23 directs that a RFC assessment must always consider and address
24 medical source opinions. If the RFC assessment conflicts with
25 an opinion from a medical source, the adjudicator must explain

1  why the opinion was not adopted.
2          I have a greet deal of respect for Administrative Law
3  Judge Ramos, but I don't find that the explanation of why a
4  portion of Dr. Fisher's opinions were rejected was sufficient.
5  And since it was given some weight and is inconsistent with the
6  RFC, I think a more robust and full explanation was required so
7  that the Court could make a meaningful review.  And I agree with
8  plaintiff's counsel that the decision in *Dioguardi* supports that
9  proposition, that is the *Dioguardi v. Commissioner of Social*
10 *Security*, 445 F.Supp.2d 288, and the discussion begins at page
11 297 from the Western District of New York, 2006.
12         The treatment of the nonmedical source opinions is
13 also troubling to me.  Administrative Law Judge Ramos doesn't
14 even identify them by name of the author and does not -- and
15 lumps them together and does not dissect them and explain why he
16 is not in agreement with the limitations expressed in those and
17 some, at least, are inconsistent with the ability to perform
18 sedentary work with the additional limitations of the RFC.
19         Again, SSR 06-03p requires that nonmedical source
20 opinions be considered and explanations be given.  And the
21 Court's decision -- this Court's decision in *Saxon v. Astrue*,
22 781 F.Supp.2d 92, requires and provides specifically that the
23 ALJ is free to conclude that the opinion of a Licensed Social
24 Worker, in that case, is entitled to -- is not entitled to any
25 weight, however, the ALJ must explain that decision.

1            In this case, I don't find that there was a
2    sufficient explanation.  The opinions from the Nurse
3    Practitioner, as well as PA Burnett and therapist Strizak are,
4    at least in subtle ways, and in some ways not so subtle,
5    inconsistent with the RFC finding.
6            So I think that the matter should be remanded to the
7    Commissioner for a fuller explanation and consideration of Dr.
8    Fisher's opinions, as well as the three nonmedical source
9    opinions and an explanation of why they were being rejected.  I
10   don't find any persuasive proof of disability, so I'm going to
11   grant judgment on the pleadings to the plaintiff without a
12   directed finding and remand the matter to the Commissioner for
13   further consideration.
14           Thank you both for excellent presentations.  Go out
15   and enjoy our nice weather.
16           MS. PALMER:  Thank you, your Honor.
17           MR. KAISER:  Thank you, your Honor.
18           (Time noted:  2:39 p.m.)
19
20
21
22
23
24
25

1

2          CERTIFICATE OF OFFICIAL REPORTER

3

4

5          I, HANNAH F. CAVANAUGH, Official Court Reporter, in

6  and for the United States District Court for the Northern

7  District of New York, DO HEREBY CERTIFY that pursuant to Section

8  753, Title 28, United States Code, that the foregoing is a true

9  and correct transcript of the stenographically reported

10 proceedings held in the above-entitled matter and that the

11 transcript page format is in conformance with the regulations of

12 the Judicial Conference of the United States.

13

14          Dated this 9th day of October, 2018.

15

16          x *Hannah F. Cavanaugh*

17          HANNAH F. CAVANAUGH

18          Official U.S. Court Reporter

19

20

21

22

23

24

25